UNITED STATES of America, Plaintiff–Appellee,

v.

**Curtis Brian WOODS, Defendant–Appellant.**

No. 02–2390.

United States Court of Appeals, Seventh Circuit.

Submitted Feb. 11, 2003.

Decided Feb. 21, 2003.

Before EASTERBROOK, ROVNER, and EVANS, Circuit Judges.

## ORDER

Curtis Woods pleaded guilty to possession with intent to distribute more than 50 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1), and was sentenced to 300 months' imprisonment. Woods now appeals, but his attorney has filed a motion to withdraw under *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Though invited to do so, Woods has not filed a response under Circuit Rule 51(b), and we therefore confine our review to the issues raised in counsel's facially adequate *Anders* brief. *See United States v. Tabb,* 125 F.3d 583 (7th Cir.1997); *Unit-*

*ed States v. Wagner,* 103 F.3d 551 (7th Cir.1996). Because we agree with counsel that any appeal of Woods' conviction and sentence would be frivolous, we grant the motion to withdraw and dismiss the appeal.

■ Woods did not attempt to withdraw his plea at his sentencing hearing, but has informed counsel that he wishes to withdraw his plea on appeal; accordingly, counsel first considers whether Woods has grounds to challenge his plea agreement. *See United States v. Knox,* 287 F.3d 667, 671 (7th Cir.2002) (lawyer should not explore Rule 11 arguments unless client, after being advised of the risks, "really wants" to withdraw the plea). Specifically, counsel addresses whether Woods could argue that, during plea negotiations, both he and the government labored under a mutual mistake about his criminal history that invalidated his plea agreement. Plea agreements are contracts governed by ordinary contract principles. *United States v. Barnes,* 83 F.3d 934, 938 (7th Cir.1996). Thus a mutual mistake about the meaning of an essential term in a plea agreement could invalidate a plea. *Id.* Woods and the government had a meeting of the minds concerning the essential terms of the plea agreement—the nature and basis of the charge against him and the fact that, ultimately, his sentence would be determined by the court. *See id.*

Both Woods and the government entered into the plea agreement without a complete picture of Woods's criminal history. During plea negotiations, both parties assumed that Woods was not a career offender for purposes of the Sentencing Guidelines and calculated a guideline range of 151 to 188 months. The presentence investigation, however, uncovered a conviction for aggravated battery against a correctional officer that neither Woods nor

the government had considered in estimating the length of Woods's sentence. The probation officer determined that Woods was a career offender and that the appropriate guideline range was actually 262 to 327 months, not 151 to 188 months.

The appropriate guideline range, however, was not an essential term in Woods's plea agreement. *Id.* The purpose of the agreement was to establish Woods's culpability, not to ascertain his sentence, so the misunderstanding about his criminal history was irrelevant. *Id.* Moreover, Woods's plea colloquy reveals that he understood not only that he was admitting his guilt but that the court was not bound by the guidelines estimates in his plea agreement. Any challenge to the plea agreement based on mutual mistake would fail.

 Counsel also considers whether Woods could base an appeal on his trial attorney's failure to thoroughly investigate his criminal history. It is doubtful that such an argument would succeed. Certainly Woods bore a responsibility to disclose his complete criminal history to his attorney so that she could negotiate effectively on his behalf. In any event, ineffective assistance of counsel claims are more properly brought on collateral attack, where the record can be more fully developed, than on direct appeal. *United States v. Brisk,* 171 F.3d 514, 527 (7th Cir.1999). Accordingly, we GRANT counsel's motion to withdraw and DISMISS Woods's appeal.